UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVE LAWYER,

                      Plaintiff,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

19-cv-5474 (NSR)(AEK)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Steve Lawyer ("Plaintiff") commenced this action, pursuant to 42 U.S.C. § 405(g), challenging the administrative decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff's applications for Supplemental Security Income ("SSI")e benefits under the Social Security Act (the "Act"). (ECF No. 1.) By Stipulation and Order, dated June 2, 2021, the parties agreed to remand the matter back to Social Security Administration ("SSA") for further proceeding. (ECF No. 24.) On August 31, 2021, Plaintiff moved an award of attorney's fees and expenses pursuant to 28 USC § 2412. (ECF No. 27.) Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the matter was referred to Magistrate Judge Andrew Krause ("MJ Krause") to issue a Report and Recommendation ("R & R"). (ECF No. 7.)  Now before the Court is MJ Krause's  R & R, recommending that Plaintiff's motion for an award of attorney's fees and expenses be DENIED. (ECF No. 35.) The parties had until November 21, 2022, to submit objections to the R & R. To date, no objection has been filed.  For the following reasons, the Court DENIES Plaintiff's motion.

**STANDARD OF REVIEW**

    A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court.  See Fed. R. Civ. P. 72(b)(1); accord 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of

1

fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No.

03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error. A claimant may be entitled to attorney fees pursuant to the Act, 42 U.S.C. § 406(b); *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 668 (S.D.N.Y. 2010) In particular, the Act provides that a claimant, who is represented by counsel, is entitled to reasonable attorney fees, not to exceed twenty-five per cent (25%) of the past-due benefits claimant is entitled to, upon entry of a favorable judgment. 42 USC § 406(b)(1)(A). In the determining whether to award legal fees, the courts first look to the retainer agreement, and then test the agreement for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

Here, the Court notes that the matter was remanded to the SSA pursuant to a stipulation. (ECF No. 24.) As delineated in MJ Krause's R & R, the stipulation executed by the parties provided in clear and unambiguous terms that each party would bear its own attorney's fees, costs and expenses. Finding no clear error in MJ Krause's analysis, the Court adopts the R & R in its entirety and DENIES Plaintiff's application for attorney fees and expenses.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Krause's R & R in its entirety. The motion seeking attorney's fees and expenses is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 27.

Dated: April 20, 2023  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN, U.S.D.J.